EXHIBIT 2

STATE OF NORTH DAKOTA

COUNTY OF WILLIAMS

IN DISTRICT COURT

NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| BRAHMA GROUP, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>HESS CORPORATION, a Delaware corporation, and all persons unknown, claiming any estate or interest in, or lien or encumbrance upon, the real estate described in the complaint,<br><br>Defendants. | Case No. 53-2014-CV-01027<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Brahma Group, Inc. ("Brahma") for its claims for relief against Hess Corporation ("Hess"), states and alleges as follows:

## PARTIES

1.    Brahma is a Nevada corporation with its principal place of business in the State of Utah.  At all times relevant to this action, Brahma was properly licensed as a general contractor and engineering contractor in the State of North Dakota.

2.    Hess is a Delaware corporation doing business in the State of North Dakota.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter pursuant to North Dakota Cent. Code § 27-05-06.

4.     Venue is properly laid in this Court pursuant to North Dakota Cent. Code §§ 28-04-01 and 35-27-24. This action arises out of disputes involving interests in real property located in Williams County.

## GENERAL ALLEGATIONS

5.     On or about November 9, 2012, Hess entered into a contract (the "Contract") with Brahma for design and construction of facilities at the Ramberg Truck Facility in Tioga, North Dakota (the "Project"). Brahma provided construction materials, equipment and labor for the improvement on the following property, owned by Hess, located in Williams County, State of North Dakota:

> PARCEL ID: 13156950032010
> SEC 32 S2SW EX DD PTS T156 R95 #633485 TOWNSHIP 156.00
> RANGE 95.00 SECTION 32.00 44.61 ACRES
>
> Street Address:  Ramberg Truck Facility, 104th Street NW at 60th Street NW, 500' of Intersection, Tioga, North Dakota 58852

(hereinafter the "Property").

6.     Brahma performed the work under the Contract in a timely and workmanlike manner, consistent with the terms of the Contract.

7.     Changes to work orders were made and approved by Hess, over and above the amount of original contract. The work was performed and materials and equipment were provided by Brahma.

8.     The work was furnished by Brahma from December 3, 2012 to February 20, 2014.

9.     To date, Brahma has demanded payment under the Contract in the amount of $2,830,383.10 for its work on the Project.

7

10.    Despite the demand, Hess has failed and refused to pay for Brahma's work.

11.    Because Brahma has not been paid for all of the services, materials, and equipment furnished to the Project, it has been compelled to prepare and file a Construction Lien Statement against the Property in the Office of the Williams County Recorder. A true and correct copy of Brahma's Construction Lien Statement (the "Lien") is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

## FIRST CLAIM FOR RELIEF
### (Lien Foreclosure)

12.    Brahma incorporates by reference the allegations in paragraphs 1 through 11 above as if set forth in full herein.

13.    Because Hess failed and refused to pay Brahma for timely and workmanlike performance of the work on the Project, Brahma was required to record a Construction Lien Statement against the Project and the Property. Brahma mailed its Notice of Intention to File Lien to Hess as required by N.D. Cent. Code § 35-27-02. Brahma served copies of its Notice of Intention Enforce Lien to Hess as required by N.D. §35-27-24.

14.    The Defendants denominated as "all persons unknown, claiming any estate or interest in, or lien or encumbrance upon, the real estate described in the complaint" are not in possession of the Property and those interests in the Property are not of record with the Clerk of the District Court, the County Recorder of Williams County or the Auditor of Williams County.

15.    Brahma is entitled to assert and enforce the Lien against the Property as is described therein, in the amount of $2,830,383.10, which amounts constitute the reasonable value of the services, materials, and equipment furnished to the Project for which Hess has

failed and refused to pay. Brahma is also entitled to recover prejudgment interest, costs, and attorneys' fees.

16.     Brahma's Lien is equal to or superior to the rights, titles, claims, and interests of others holding an interest in the Project and/or the Property including, without limitation, the interests of Hess.

17.     Brahma is entitled to have the Court declare the priority of the interests in and to the Property, to have its Lien foreclosed, to have the Property sold, and the proceeds of said sale applied to satisfy the obligations of Hess.

18.     In the event the proceeds from the sale are not sufficient to satisfy those obligations, Brahma is further entitled to a deficiency judgment against Hess.

19.     Brahma has incurred and will continue to incur attorneys' fees, costs, and expenses for the preparation and recording of the notice of the lien, and the prosecution of its claims, in amounts to be established at trial, all of which should be granted to Brahma.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

20.     Brahma incorporates by reference the allegations in paragraphs 1 through 19 above as if set forth in full herein.

21.     Brahma performed the work required on the Project in a timely and workmanlike manner, consistent with the terms of Contract.

22.     Hess breached the Contract by failing and refusing to pay for the services, materials and equipment that Brahma furnished to the Project, and in other ways.

23.     As a result of the breach of the Contract by Hess, Brahma has suffered and continues to suffer damages in an amount to be proven at trial, but no less than

$2,830,383.10, plus prejudgment and post-judgment interest, attorney's fees, and its costs of suit herein.

### THIRD CLAIM FOR RELIEF
#### (Unjust Enrichment)

24.    Brahma incorporates by reference the allegations in paragraphs 1 through 23 above as if set forth in full herein.

25.    Hess received the benefit of the design and construction of the Project for which it has failed and refused to pay.

26.    Brahma designed and constructed the Project with Hess's knowledge and appreciation of the benefit provided.

27.    Hess would be unjustly enriched if it were to retain the benefit of design and construction of the Project without paying the full value for Brahma's work.

28.    Brahma is entitled to recover the reasonable value of the services, materials, and equipment furnished to the Project in an amount to be proven at trial, but no less than $2,830,383.10, plus prejudgment and post-judgment interest, and its costs of suit herein.

### FOURTH CLAIM FOR RELIEF
#### (Quantum Meruit)

29.    Brahma incorporates by reference the allegations in paragraphs 1 through 28 above as if set forth in full herein.

30.    Hess requested that Brahma design and construct the Project.

31.    Brahma expected payment for its work in designing and constructing the Project on the Property.

32.    Hess knew or should have known that Brahma expected to be paid for its work on the Project in designing and constructing the Facilities.

7

33.    Hess failed and refused to pay Brahma for the services, materials and equipment provided to the Project.

34.    Brahma is entitled to recover the reasonable value of the services, materials, and equipment furnished to the Project in an amount to be proven at trial, but no less than $2,830,383.10, plus prejudgment and post-judgment interest, and its costs of suit herein.

## PRAYER FOR RELIEF

35.    WHEREFORE, Brahma prays for judgment against Hess as follows:

A.    On Brahma's First Claim for Relief, for judgment against Hess establishing at trial the amounts due to Brahma pursuant to the Contract and the Lien, which amounts are no less than $2,820,383.10 plus pre-judgment interest at the contract and/or statutory rate, post-judgment interest until paid, attorney's fees, and costs incurred in pursuing this action; establishing that the Lien is a valid lien against the Property and improvements thereon; establishing the priority of the Lien is senior and prior or equal to any other interests in the Property held by Hess and the Defendants denominated as "all persons unknown, claiming any estate or interest in, or lien or encumbrance upon, the real estate described in the complaint"; ordering foreclosure against the Property in accord with the practices of this Court and the statutes of the State of North Dakota, that the Property be sold, and that proceeds from the sale be applied first to Brahma's costs and expenses incurred in foreclosing its Lien, including costs of sale, then to obligations owed to senior interest holders, if any, thereafter to the indebtedness due Brahma, and finally to obligations owed to any junior interest holders, if any; and in the event proceeds from the sale are not sufficient to satisfy those obligations, for a deficiency judgment against Hess.

B.    On Brahma's Second Claim for Relief, for judgment against Hess in damages in an amount to be determined at trial but no less than $2,830,383.10, plus prejudgment and post-judgment interest, and its attorneys' fees and costs of suit herein.

C.    On Brahma's Third Claim for Relief, for judgment against Hess in damages in an amount to be determined at trial but no less than $2,830,383.10, plus prejudgment and post-judgment interest, and costs of suit herein.

D.    On Brahma's Fourth Claim for Relief, for judgment against Hess in damages in an amount to be determined at trial but no less than $2,830,383.10, plus prejudgment and post-judgment interest, and costs of suit herein.

7

E.    For such other and further relief as this Court deems just and equitable.

Dated this 11th day of August, 2014.

BY:    _____
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Robert J. Pathroff (#07759)
rpathroff@vogellaw.com
**VOGEL LAW FIRM**
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by a jury of nine (9) on all issues triable by jury.

Dated this 11th day of August, 2014.

BY:    _____
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Robert J. Pathroff (#07759)
rpathroff@vogellaw.com
**VOGEL LAW FIRM**
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
ATTORNEYS FOR PLAINTIFF

2000188.2

7

Page: 1 of 2
7/18/2014 2:01 PM
CL    $13.00
WILLIAMS COUNTY, ND

**EXHIBIT**

**1**

82976

UNDORSED AT THE REQUEST OF AND TO BE RETURNED TO:
BRAHMA GROUP, INC.
1132 SOUTH 500 WEST
SALT LAKE CITY        UT   84101

fn: 24079009.008        CW181828B        LEAVE THIS LINE FOR RECORDERS USE

**CONSTRUCTION LIEN STATEMENT**
(IN ACCORDANCE WITH 2009 North Dakota Century Code § 35-27)

STATE OF NORTH DAKOTA
COUNTY OF WILLIAMS COUNTY

TO:    OFFICE OF THE REGISTER OF DEEDS OF WILLIAMS COUNTY COUNTY

FROM:  BRAHMA GROUP, INC.
       1132 SOUTH 500 WEST
       SALT LAKE CITY        UT   84101

PLEASE TAKE NOTICE that Claimant intends to claim and hold a lien as follows:
The amount of Claimant's lien is: $6,630,363.10, such amount being due and owing to Claimant for labor performed, or for skill, services, material or machinery furnished for the following improvement SUPPLIED MATERIALS, LABOR, SUPERVISION, CONSTRUCTION EQUIPMENT, TOOLS, SUPPLIES, TEMPORARY FACILITIES, AND SERVICES REQUIRED TO PERFORM ALL MECHANICAL, CIVIL, STRUCTURAL AND SUPERVISION OF ELECTRICAL INSTRUMENTATION WORK

The person for or to whom said labor, skill, services, material or machinery was furnished:
HESS CORPORATION
10340 68TH STREET NW
TIOGA                  ND  58852

The dates when the first items of Claimant's contribution were made: DECEMBER 3, 2012
The dates when the last items of Claimant's contribution were made: FEBRUARY 20, 2014

Describe the property to be charged, identifying it with reasonable certainty.
RAMBERG TRUCK FACILITY
104TH STREET NW AT 60TH STREET NW, 500' OF INTERSECTION
TIOGA                  ND

Which is also known as: PARCEL ID: 13156950092010 LEGAL: SEC 32 S2SW EX DD PTS T156 R95 #833486 TOWNSHIP 156.00 RANGE 95.00 SECTION 32.00  44.61 ACRES

The name and address of the owner of the property being improved as of this date:
AMERADA HESS CORPORATION
C/O HESS CORPORATION
10340 68TH STREET NW
TIOGA                  ND  58852

An ITEMIZED Statement of Account upon which the lien is claimed is/are attached.

Dated: 7-11-14        BRAHMA GROUP, INC.

                       By: _____
                       KIRK CHRISTENSON        DIVISION OPERATIONS OFFICER

**VERIFICATION**
I, the undersigned, declare I am the Director of Operations of Brahma Group, Inc. the Claimant named in the attached notices. I am authorized to make the verification for the Claimant; I have read these notices and know the contents thereof, and the same is true of my own knowledge.

I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct and that this declaration was executed this 11th day of July at 1132 South 500W, SLC, Utah

**ACKNOWLEDGMENT**
State of Utah
County of SL
On 7/11/14 before me, Amber White, personally appeared KIRK CHRISTENSON
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of UT that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

_____ Amber White
Signature of Notary    (Print Name)

Notary Public
AMBER WHITE
Commission #659565
My Commission Expires
October 27, 2016
State of Utah



**789788**
Page: 2 of 2
7/18/2014 2:01 PM
CL      $13.00

WILLIAMS COUNTY, ND

COUNTY RECORDER, WILLIAMS COUNTY, ND          7/18/2014 2:01 PM
I certify that this instrument was filed and recorded
Karl Evenson, County Recorder

by _____  **789788**



